# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS, | CASE NO. 1:08-cv-01628-LJO-SKO PC |
| Plaintiff, | ORDER RE MOTION TO COMPEL |
| v. | (Doc. 35) |
| DARYL G. ADAMS, et al., | |
| Defendants. | |

Plaintiff Charles Austin Parks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 9, 2010, Plaintiff filed a motion to compel. (Doc. #35.) Defendants filed an opposition to Plaintiff's motion to compel on July 30, 2010. (Doc. #36.) Plaintiff filed a reply to Defendants' opposition on August 12, 2010. (Doc. #37.)

**I.   Background**

    **A.   Plaintiff's Motion to Compel**

On March 4, 2010, Plaintiff propounded a set of interrogatories on Defendants F.E. Braswell and T. Hieng. On April 20, 2010, Plaintiff received interrogatory responses from Defendants W. Young, K. Alexander, and F. Pighting.[1] Plaintiff claims that Defendants F.E. Braswell and T. Hieng failed to respond to the interrogatories.

///

---

[1] It is unclear whether Plaintiff sent the same interrogatories to all the defendants.

1  Plaintiff also contends that the interrogatory responses from Defendants W. Young, K. Alexander, and F. Pighting "were evasive, incomplete and failed to disclose information with out[sic] substantial justification." (Mot. to Compel 6:22-27, ECF No. 35.)

### B. Defendants' Opposition

Defendants argue that Plaintiff's motion to compel should be denied because Plaintiff has failed to provide the Court with Defendants Young, Alexander, and Pighting's responses and it is unclear how the responses were insufficient. Defendants also argue that Braswell and Hieng served Plaintiff with their responses on two separate occasions. Defendants claim that they served their responses on April 16, 2010. Defendants claim that Braswell and Hieng's responses were included in the same package as Young, Alexander, and Pighting's responses and it is unclear why Plaintiff only received three sets of responses. Defendants further claim that they served Braswell and Hieng's responses a second time on June 7, 2010, after Plaintiff informed Defendants that he had not received those responses during Plaintiff's June 4, 2010, deposition.

### C. Plaintiff's Reply

Plaintiff claims that he never received any responses from Defendant Braswell or Defendant Hieng. Plaintiff contends that he only received responses from Defendants Alexander, Pighting, and Young. Plaintiff also contends that when Defendants' counsel sent the responses a second time on June 7, 2010, Plaintiff received another copy of Alexander, Pighting, and Young's responses.

Plaintiff also clarifies the issues raised in his motion to compel. He states that the motion does not concern the sufficiency of Defendants Alexander, Pighting, and Young's responses and only concerns Braswell and Hieng's failure to respond to Plaintiff's interrogatories.

## II. Discussion

The issue raised in Plaintiff's motion to compel is whether Defendant Braswell and Defendant Hieng responded to Plaintiff's interrogatories. Defendants claim that they served the responses twice while Plaintiff contends he never received the responses.

The Court notes that there is an issue as to whether Plaintiff's motion to compel was timely. The October 7, 2009, discovery and scheduling order stated that all motions to compel must be filed by June 7, 2010. (Doc. #21.) Plaintiff's motion to compel was not received by the Court until July

9, 2010, and Defendants indicate that they did not receive the motion until around the same time. However, the motion to compel includes a proof of service signed by Plaintiff indicating that he attempted to serve his motion to compel on May 27, 2010. The Court will accept Plaintiff's proof of service and deem the motion to have been timely filed.

Further, just as the Court accepts Plaintiff's declaration regarding service of his motion at face value, the Court will also accept Defendants' declarations regarding the service of their responses to Plaintiff's interrogatories. It is not entirely clear why Plaintiff did not receive the responses, just as it is not entirely clear why Plaintiff's motion took over a month to arrive at the Court. Accordingly, the Court will order Defendant Braswell and Defendant Hieng to mail another copy of the interrogatory responses to Plaintiff within twenty (20) days of the date of service of this order. The Court will decline to sanction Defendants as it is unclear whether they are responsible for failing to respond to Plaintiff's interrogatories. See Federal Rule of Civil Procedure 37(a)(5)(A)(iii) (court may decline to issue sanctions if "circumstances make an award of expenses unjust").

**III.   Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Braswell and Defendant Hieng shall mail Plaintiff a copy of their responses to Plaintiff's interrogatories within twenty (20) days of the date of service of this order; and

2. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   October 19, 2010                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE