# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARYL G. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01628-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JOHN DOE SHOULD NOT BE DISMISSED FROM ACTION<br><br>THIRTY-DAY DEADLINE |

Plaintiff Charles Austin Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of Defendants' motion for summary judgment, this action is now proceeding on Plaintiff's first amended complaint, filed April 27, 2009, against Defendants Braswell, Young, Pighting, and Alexander for excessive force in violation of the Eighth Amendment. On October 7, 2009, a discovery and scheduling order was issued setting the deadline to amend pleadings as April 4, 2010, and the discovery cut off date as June 7, 2010.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

1

service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, in this action Plaintiff has failed to file an amended complaint to identify Defendant John Doe. Discovery has closed and the deadline to file amended pleadings is passed. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant John Doe should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant John Doe should not be dismissed from this action, without prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in Defendant John Doe being dismissed from this action, without prejudice.

IT IS SO ORDERED.

**Dated:   April 8, 2011**                     /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE