# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARYL G. ADAMS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01628-LJO-SMS PC<br><br>ORDER CONFIRMING TRIAL FOR JULY 18, 2011<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF Nos. 50, 51)<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT WITNESS FEES BY JUNE 30, 2011 |

Plaintiff Charles Austin Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of Defendants' motion for summary judgment, this action is now proceeding on Plaintiff's first amended complaint, filed April 27, 2009, against Defendants Braswell, Young, Pighting, and Alexander for excessive force in violation of the Eighth Amendment. On June 13, 2011, at 8:00 a.m. a telephonic status conference was held in this action with Plaintiff appearing pro se and Michelle Angus, Esq. appearing for Defendants. The trial date of July 18, 2011, was confirmed.

I.　Motion for the Attendance of Incarcerated Witnesses

On May 3, 2011, Plaintiff filed a motion for the attendance of nine incarcerated witnesses. (ECF No. 50.) On May 4, 2011, Plaintiff filed the same motion which included one additional witness declaration. (ECF No. 51.) Defendants filed a pretrial statement on May 27, 2011, objecting to the testimony of inmates Colbert, Haney, and Moore as the scope of their testimony is not clear, and their testimony would be cumulative, irrelevant, or not based on personal knowledge.

Plaintiff requests the attendance of Inmates Tommy Huynh, No. P-45472; Paul Sa'ole, Jr., No. J-54247; Jones, No. C-51462; W. L. Irving, No. K-76896; M. Dixon, No. V-96657; V. Frias, No. D-72940; Colbert, C-52264; M. Haney, V-72062; and T. Moore, T-90404. Initially, Inmate

V. Frias, No. D-72940, paroled on July 18, 2009, and the number provided for Inmate Jones is incorrect. The Court is unable to determine where Inmate Jones is housed without an inmate number. Therefore, the request for the attendance of Inmates V. Frias, No. D-72940, and Jones is denied.

In determining whether to grant Plaintiff's motion for the attendance of inmates factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff requests the attendance of Inmates W. L. Irving, No. K-76896; M. Haney, V-72062; and Colbert, C-52264, who were not present and did not observe the incident that occurred on January 26, 2008. Inmate Irving would testify that Defendant Braswell refused to feed him for a week in December of 2007, and took him to the rotunda to beat him because Defendant Braswell has "racial animus towards African American Prisoners." Inmate Haney would testify that in December 2006, Defendant Braswell threatened to break his neck for no apparent reason; and in January, 2007, Defendant Braswell deprived him of his evening meal two consecutive days. Inmate Haney would also testify that Defendant Braswell has "racial animus towards African American prisoners," and that he observed Defendant Braswell go into another African American inmates cell, assault him, and confiscate his television for no reason. Inmate Colbert would testify that in September 2006, he observed Defendant Braswell acting in a "malicious and sadistic manner" towards inmates under his care. Inmates Colbert and Haney are currently housed at New Folsom and ordering their attendance at trial would require them to be transferred to an institution closer to the courthouse.

Plaintiff requests the attendance of Inmate T. Moore, T-90404, however he fails to provide

a declaration from the inmate or a summary of his testimony. The Court is unable to determine whether Inmate Moore possesses any personal knowledge or if his testimony would be relevant to this action. Plaintiff has failed to demonstrate that Inmates W. L. Irving, No. K-76896; Colbert, C-52264; M. Haney, V-72062; and T. Moore, T-90404, have personal knowledge of the events at issue, or that they will provide any admissible evidence in this action. Their presence will not further the resolution of the case so as to justify the risks and expenses of transporting them to testify at the trial of this matter. Therefore, the request for the attendance of Inmates W. L. Irving, No. K-76896; Colbert, C-52264; M. Haney, V-72062; and T. Moore, T-90404, is denied.

Inmates Tommy Huynh, No. P-45472, Paul Sa'ole, Jr., No. J-54247; and M. Dixon, No. V-96657, were present on January 26, 2008, when the incident occurred and are either eye or ear witnesses. Inmate Dixon is incarcerated at Pelican Bay State Prison, Inmate Huynh is incarcerated at New Folsom State Prison, and Inmate Sa'ole is incarcerated at California Correctional Institution, Tehachapi, so ordering their production for trial will require their transfer to a prison closer to the courthouse. The testimony of these witnesses is relevant to the issues and their presence will further the resolution of the case. Although there is no information available on potential security risks, this does not appear to be an issue above and beyond normal security concerns in handling convicted prisoners. Further, there is no information available on whether inmates Huynh, Sa'ole, or Dixon will be released from custody soon. Accordingly, the request for the attendance of Inmates Tommy Huynh, No. P-45472; Paul Sa'ole, Jr., No. J-54247; and M. Dixon, No. V-96657, is granted.

B.   <u>Unincarcerated Witnesses</u>

Although Plaintiff failed to submit a motion for the attendance of unincarcerated witnesses, he has listed six correctional officers on his witness list. If the witnesses do not agree to appear voluntary, Plaintiff will need to submit the witness fee and mileage of $96.06 for each witness.[1] If Plaintiff wishes to have Bare, Calhoun, Callow, Foley, Silva, and Hieng served with summonses to testify at trial, he must submit, for *each* witness, a money order made out to that witness in the amount of $96.06, by June 30, 2011.

---

[1] The daily witness fee of $40.00, plus $56.06 for round trip mileage for one day. 28 U.S.C. § 1821.

Based on the foregoing, it is HEREBY ORDERED that:

1. The trial in this matter is confirmed for July 18, 2011, at 8:30 a.m. before the Honorable Lawrence J. O'Neill;

2. Plaintiff's motion for the attendance of incarcerated witnesses is DENIED IN PART and GRANTED IN PART as follows:

    a. Plaintiff's motion for the attendance of Inmates V. Frias, No. D-72940, W. L. Irving, No. K-76896; Colbert, C-52264; M. Haney, V-72062; T. Moore, T-90404; and Jones is DENIED;

    b. Plaintiff's motion for the attendance of Inmates Tommy Huynh, No. P-45472; Paul Sa'ole, Jr., No. J-54247; and M. Dixon, No. V-96657, is GRANTED

    c. Orders directing the attendance of inmates Tommy Huynh, No. P-45472; Paul Sa'ole, Jr., No. J-54247; and M. Dixon, No. V-96657 will be issued closer to the trial date;

3. If Plaintiff wishes to have Bare, Calhoun, Callow, Foley, Silva, and Hieng served with summonses to testify at trial, he must submit, for *each* witness, a money order made out to that witness in the amount of $96.06, by June 30, 2011. **The Court cannot accept cash, and the money orders may not be made out to the Court. The money orders must be made out in the witness's name;** and

4. Due to the short time frame for Plaintiff to respond and the pendency of the trial in this action, defense counsel is requested to facilitate service of this order upon Plaintiff. IT IS SO ORDERED.

Dated:   **June 14, 2011**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

4