IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES AUSTIN PARKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRASWELL, YOUNG, ALEXANDER, AND PIGHTING, ,<br><br>　　　　Defendants.<br>_____/ | 1:08-cv-01628-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE PRETRIAL ORDER<br><br>(ECF No. 61)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 65) |

### I.  Procedural History

Plaintiff Charles Austin Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following resolution of Defendants' motion for summary judgment, this action is now proceeding on Plaintiff's first amended complaint, filed April 27, 2009, against Defendants Braswell, Young, Pighting, and Alexander for excessive force in violation of the Eighth Amendment.  This action is currently set for trial by jury on July 18, 2011. On June 29, 2011, Plaintiff filed a motion for leave to modify the court's pretrial order.  On July 5, 2011, Plaintiff filed a motion seeking the appointment of counsel pursuant to the Pro Bono Program of the Eastern District of California. 28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

///

### II.  Motion to Modify Pretrial Order

Plaintiff moves for the Court to modify the pretrial order to allow him to submit an untimely exhibits list and allow him to present his exhibits at trial.  Plaintiff argues that he has limited access to the law library and he was mislead by the inmate law clerks to believe that he would be able to submit his exhibit list at a later date.

In the second scheduling order, filed April 6, 2011, the parties were directed to file a pretrial

1  statement in accordance with Local Rule 281 and a copy of the rule was sent to Plaintiff.  (Second
2  Scheduling Order 1, ECF No. 44.)  Local Rule 281 states that the parties pretrial statement is to
3  include "[a] list of documents or other exhibits that the party expects to offer at trial.  Only exhibits
4  so listed will be permitted to be offered at trial. . . ."  Plaintiff was advised that he was required to
5  list his exhibits in the pretrial statement and his reliance on the advice of other inmates is insufficient
6  to excuse his failure to comply with the local rule.  Additionally, the Court has reviewed the
7  documents provided by Plaintiff and finds that they would be inadmissible due to relevancy or
8  hearsay objections.  To the extent that Plaintiff intends to impeach Defendants by attempting to show
9  they failed to follow policy and procedure, documents used for impeachment purposes do not need
10 to be included in the pretrial order.  Plaintiff's motion to modify the pretrial order is denied.

**III.     Motion for Appointment of Counsel**

Plaintiff argues that he needs counsel to be appointed because he has been denied physical access to the law library which is impeding his ability to prepare for trial.  Plaintiff has been forced to use the "inadequate paging system." (Plaintiff's Request for Appointment of Counsel 2, ECF No. 65.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

1  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
2  similar cases almost daily.  Additionally, based on a review of the record in this case, the court finds
3  that Plaintiff has been able to adequately articulate his claims and has successfully opposed
4  Defendants' motion for summary judgment.  Id.

5     To the extent that Plaintiff is seeking a continuance of trial, Plaintiff has failed to articulate
6  what legal research is necessary and not obtainable through the paging system.  At this point in the
7  action Plaintiff is preparing for trial.  The Court fails to see why physical access to the law library
8  would be necessary.  To ensure fairness to pro se litigants, the court prepares the jury instructions,
9  verdict forms, and a statement of the case.  Although Plaintiff is asserting that he is not ready for
10 trial, his preparation would be mainly fact based.  Discovery opened in this action on October 7,
11 2009.  Plaintiff has had over a year and a half to familiarize himself with the issues in this action and
12 was able to successfully oppose Defendants' motion for summary judgment.  Plaintiff has access to
13 the discovery that has been produced in response to his requests.  Additionally, Plaintiff was advised
14 of the trial date in the second scheduling order issued April 6, 2011, and has had over four months
15 to prepare for trial.  For these reasons, Plaintiff's motion for the appointment of counsel is denied.

**IV.    Order**

   Based on the foregoing, it is HEREBY ORDERED that:

   1.    Plaintiff's motion to modify the pretrial order, filed June 29, 2011, is DENIED; and

   2.    Plaintiff's motion for appointment of counsel, filed July 5, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:     July 7, 2011**              /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE